UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBYN J., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-5997 RSM <br><br> **ORDER AFFIRMING THE COMMISSIONER'S DECISION** |

Plaintiff appeals denial of her application for Supplemental Security Income, contending the ALJ erred by discounting her testimony and two examining doctors' opinions. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 31 years old, has a high school education, and has no past relevant work. Dkt. 7, Admin. Transcript (Tr.) 27. Plaintiff applied for benefits in June 2016 but later amended her alleged onset date to August 17, 2016. Tr. 19. Plaintiff's applications were denied initially and on reconsideration. Tr. 100, 110. After the ALJ conducted hearings in March and July 2018, the ALJ issued a decision in September 2018 finding Plaintiff not disabled. Tr. 54-99, 19-29.

ORDER AFFIRMING THE
COMMISSIONER'S DECISION - 1

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: dependent personality disorder, anxiety order vs. PTSD, poorly controlled diabetes mellitus, chronic pain disorder, obesity, and cannabis abuse.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work. She can occasionally climb ladders, ropes, and scaffolds and frequently climb ramps and stairs. She can occasionally stoop, crouch, crawl, and kneel. She can have occasional exposure to hazards. She can perform tasks requiring a GED reasoning level of 3 or less in a setting with no public contact and no teamwork assignments.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 21-29. Plaintiff submitted a letter dated October 2018 from her treating therapist to the Appeals Council. *See* Tr. 12-14. The Appeals Council included the report in the record but denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

**A.      Plaintiff's Testimony**

An ALJ may "reject [a claimant's] testimony only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

**1.      Physical Symptoms**

Plaintiff testified she could lift five pounds, sit 20 minutes, stand 10 minutes, and walk 10 minutes. Tr. 64. She spends half the day lying down due to pain. Tr. 65. Half the days she has a severe fibromyalgia flare-up and is unable to perform typical activities of daily living. Tr. 76. The ALJ discounted Plaintiff's testimony as inconsistent with the medical record and her activities. Tr. 25.

An ALJ may reject a claimant's subjective symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Plaintiff reported she "cannot bend, squat, reach, kneel, or climb stairs [without] pain." Tr. 259. However, during a physical examination Plaintiff was able to bend and squat without discomfort. Tr. 533. This direct contradiction was a clear and convincing reason to discount Plaintiff's physical symptom testimony.

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff reported a pain medication was "amazing" and she felt "so much better." Tr. 555. The ALJ reasonably interpreted this as indicating not merely mild improvement but effective control of pain. This was another clear and convincing reason to discount Plaintiff's testimony.

1     Because the ALJ provided clear and convincing reasons, inclusion of any erroneous

2 reasons was harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th

3 Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless

4 because "remaining valid reasons supporting the ALJ's determination are not 'relatively

5 minor'").  The Court concludes the ALJ did not err by discounting Plaintiff's physical symptom

6 testimony.

        **2.**        **Mental Symptoms**

8     Plaintiff reported anxiety prevented her from driving, walking, or taking a bus.  Tr. 257.

9 Plaintiff testified she has panic attacks every three days on average.  Tr. 79.  She has an average

10 of one really bad day per month where she is "kicking, screaming, breaking things, being

11 completely unreachable, hysterical, crying, in fact, waiting to jump off [a] bridge…."  Tr. 74-75.

12 Due to emotional irregularity she "can't have normal interactions with people anymore."  Tr. 68-

13 69.  The ALJ discounted Plaintiff's testimony as inconsistent with the medical record and her

14 activities.  Tr. 25, 22.

15     Substantial evidence supports the ALJ's finding that treatment effectively controlled

16 Plaintiff's impairments. The ALJ cited a treatment note where Plaintiff reported "minimal

17 anxiety" and activities including "socializing, going out and having friends over."  Tr. 328; *see*

18 *also* Tr. 527 (goes out with friends).  Another treatment note showed an antidepressant was

19 "working great" and another medication worked for panic attacks.  Tr. 875.  Plaintiff argues the

20 note also shows poor sleep and panic attacks twice a day.  Dkt. 9 at 4.  However, she has not

21 claimed disability based on sleep, and the note shows medication was effective at treating "bad"

22 panic attacks.  Tr. 875.  The notes provide substantial evidence supporting the ALJ's finding of

ORDER AFFIRMING THE
COMMISSIONER'S DECISION - 4

effective control of Plaintiff's mental symptoms, which was a clear and convincing reason to discount Plaintiff's mental symptom testimony.

The Court concludes the ALJ did not err by discounting Plaintiff's mental symptom testimony.

**B.     Medical Opinions**

An ALJ may only reject the contradicted opinion of an examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

### 1.     Brett Valette, Ph.D.

Dr. Valette opined Plaintiff "can" understand, remember and carry out simple or detailed instructions, and "can cannot [sic]" maintain concentration and attention sufficient to carry out such instructions. Tr. 530. The ALJ reasonably found this was ambiguous and gave the opinion little weight. Tr. 26. It would be literally impossible to incorporate this self-contradictory opinion into the RFC. The Court concludes the ALJ did not err by discounting Dr. Valette's opinion.

### 2.     Dan Neims, Psy.D.

Dr. Neims opined Plaintiff was unable to communicate and perform effectively in a work setting, and had very significant limitations in maintaining appropriate behavior and completing a normal workday and workweek. Tr. 818. The ALJ discounted his opinions because they were inconsistent with his own clinical observations, including possible malingering, and he opined the limitations would last no more than eight months. Tr. 27. The ALJ also noted Dr. Neims was not a treating provider and had not reviewed Plaintiff's records, but these are not reasons to discount his opinions. The regulations require an ALJ to consider all medical opinions and in fact place a premium on examining doctors' opinions. *See* 20 C.F.R. § 416.927(c)(1).

ORDER AFFIRMING THE
COMMISSIONER'S DECISION - 5

Social Security disability can only be based on inability to work due to impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months" or result in death. 20 C.F.R. § 416.905(a). Thus, as the Commissioner notes, Dr. Neims' opined limitations did not meet the durational requirement for Social Security disability. Plaintiff does not counter the Commissioner's argument. This was a specific and legitimate reason to reject Dr. Neims' opinions. Inclusion of erroneous reasons was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

The Court concludes the ALJ did not err by discounting Dr. Neims' opinions.

## C. Material Submitted to Appeals Council

After the ALJ's decision, Plaintiff submitted an October 2018 letter from her treating therapist, Tina Mansfield, to the Appeals Council. Tr. 12-14. The Appeals Council found "this evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. Plaintiff contends the letter is new and material evidence that deprives the ALJ's decision of substantial evidence. Dkt. 9 at 7.

"New evidence is material if it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination.'" *Bruton v. Massanari,* 268 F.3d 824, 827 (9th Cir. 2001) (alterations and omission in original) (quoting *Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984)).

Ms. Mansfield's letter largely recapitulated Plaintiff's own self-reports, which the ALJ permissibly discounted. Ms. Mansfield did report her observations of Plaintiff "having anxious distress and breathing difficulty" when they discussed the need to telephone health or legal

ORDER AFFIRMING THE
COMMISSIONER'S DECISION - 6

services providers, and of Plaintiff attending less than half her appointments when they were weekly and canceling once a month when switched to biweekly appointments.  Tr. 14.  Ability to telephone, or attendance at therapy, do not bear directly and substantially on matters in dispute before the ALJ.  Plaintiff argues the "50-60% loss of attendance for counseling sessions" Ms. Mansfield observed clearly indicates Plaintiff would be off task more than 10% of the time or absent more than one day per month from work.  Dkt. 11 at 6.  That is not what Ms. Mansfield wrote nor a necessary logical inference from what she wrote.  Plaintiff fails to establish a reasonable possibility that this letter would have changed the outcome of the disability determination.  The Court concludes Ms. Mansfield's letter does not deprive the ALJ's decision of substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 24th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING THE
COMMISSIONER'S DECISION - 7